UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| AUSTIN J. BERTSCHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| vs. | ) | |
| | ) | JURY TRIAL DEMAND |
| ZACHARY A. JANSSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT
### §1983 Civil Rights Action

NOW COMES Plaintiff, AUSTIN J. BERTSCHY, by his attorneys, KINGERY DURREE WAKEMAN & O'DONNELL, ASSOC., and as and for his Complaint as to Defendant, ZACHARY A. JANSSEN, states as follows:

**Jurisdiction and Venue**

1. The matters herein complained of occurred on February 2, 2014, in the City of Peoria, Peoria County, and State of Illinois; jurisdiction is proper under 28 U.S.C. §1131 and venue is proper under 28 U.S.C. §1391(b).

2. At all times relevant hereto the Defendant, ZACHARY A. JANSSEN, was acting in the course and scope of his employment as a police officer on duty for the City of Peoria, and was therefore acting under color of State law.

**Count I – Damages Claim**

3. On the aforesaid date, Plaintiff, AUSTIN J. BERTSCHY (hereinafter BERTSCHY) exited a tavern on the south sidewalk of the 600 block of Main Street.

4. That after exiting the tavern with a friend, Defendant JANSSEN overheard BERTSCHY state an expletive, or swear word, while BERTSCHY was walking nearby Defendant JANSSEN.

1

5. BERTSCHY and a friend subsequently crossed the intersection of Main and Perry for the purpose of returning to a vehicle parked a couple of blocks away in a parking lot.

6. As they were walking north towards Hamilton Avenue on the sidewalk of Perry Avenue, Defendant JANSSEN pulled his police cruiser alongside BERTSCHY and his friend and asked them to come over to his squad car.

7. BERTSCHY asked Defendant JANSSEN, "what crime have I committed or do you think I committed?"

8. Defendant JANSSEN did not describe or state any crime that he believed BERTSCHY had committed in response to BERTSCHY's question.

9. Thereafter BERTSCHY asked Defendant JANSSEN if he was being detained, to which Defendant JANSSEN replied, "no."

10. Defendant JANSSEN demanded that BERTSCHY provide him with his identification, to which BERTSCHY asked Defendant JANSSEN whether he was under arrest.

11. Defendant JANSSEN declined to answer BERTSCHY's question about whether JANSSEN was placing BERTSCHY under arrest.

12. At that point, BERTSCHY advised Defendant JANSSEN that if he could not tell him whether or not he was under arrest or why he was asking for his identification, then he was going to leave.

13. BERTSCHY then continued walking down the sidewalk, and at that time Defendant JANSSEN repositioned his police cruiser closer to where BERTSCHY and his friend were walking, and then exited his cruiser.

14. At that time, Defendant JANSSEN approached BERTSCHY from behind, knocked BERTSCHY to the ground by striking BERTSCHY's lower leg with a hard sweeping blow to his ankle, and then tackled BERTSCHY.

15. This physical assault by Defendant JANSSEN upon BERTSCHY caused a severely comminuted tibia-fibula fracture.

16. That after this physical assault of Defendant JANSSEN upon BERTSCHY, Defendant JANSSEN proceeded to place handcuffs on BERTSCHY; Defendant JANSSEN shouted at BERTSCHY to "give me your fucking I.D.," while he was on the sidewalk while cuffed.

17. That immediately thereafter Defendant JANSSEN instructed BERTSCHY to stand up and then asked BERTSCHY how his ankle felt and then advised him, "you're going to jail tonight."

18. At that time, in attempting to stand, BERTSCHY felt his injured leg twist and buckle because of being unable to bear weight on the leg.

19. BERTSCHY advised Defendant JANSSEN, "I can't walk. I can't put weight on it." in response to which Defendant JANSSEN told BERTSCHY that he was a "pussy" and called him other vulgar names.

20. BERTSCHY requested medical care and then, Defendant JANSSEN advised BERTSCHY that he was "required to ask" BERTSCHY if he would like an ambulance.

21. Defendant JANSSEN advised BERTSCHY at that time that BERTSCHY would be "wasting his time" in seeking medical care or in asking to go to the hospital.

22. BERTSCHY insisted that an ambulance be called since he was unable to bear weight on his leg.

23. As a result of BERTSCHY's request, another police officer arrived and an ambulance was called, and Plaintiff was taken to the emergency room, where the severely comminuted tibia-fibula fracture was diagnosed by x-ray and exam.

24. That as a result of the aforesaid conduct and physical assault by Defendant JANSSEN, Plaintiff BERTSCHY sustained a violation of his civil rights as protected by §1983 of the Civil Rights Act of 1871 (42 U.S.C. §1983), and has sustained substantial damages including but not limited to medical and hospital expenses for multiple surgeries, physical therapy and other necessary medical care (past and future), pain and suffering (past and future), disability and disfigurement (past and future), emotional distress (past and future), and the impaired ability to enjoy his activities of daily living (past and future).

25. That pursuant to 42 U.S.C. §1983, Plaintiff BERTSCHY is entitled to an award of both compensatory and punitive damages in his favor and against Defendant JANSSEN, as a direct and proximate result of the aforesaid conduct of Defendant JANSSEN.

WHEREFORE, Plaintiff, AUSTIN J. BERTSCHY, prays the Court, pursuant to 42 U.S.C. §1983, for the entry of a Judgment in the amount of at least ONE MILLION DOLLARS ($1,000,000.00) for his compensatory damages, and prays for an appropriate award of punitive damages against Defendant, ZACHARY A. JANSSEN, for his attorney's fees and litigation costs pursuant to 42 U.S.C. §1988, and for such other and further relief as is just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

AUSTIN J. BERTSCHY, Plaintiff,

By:     /s/Philip M. O'Donnell
        Philip M. O'Donnell

Philip M. O'Donnell (ARDC #6225759)
KINGERY DURREE WAKEMAN
& O'DONNELL, ASSOC.
416 Main Street
Commerce Bank Building, Suite 915
Peoria, IL 61602-1166
Phone: (309) 676-3612
Fax: (309) 676-1329
ECF Email: philodonnell@sbcglobal.net