IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AUSTIN J. BERTSCHY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-1036 |
| ZACHARY A. JANSSEN, | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Zachary A. Janssen by his counsel, Deputy Corporation Counsel Sonni C. Williams, states as follows for his answer:

### Jurisdiction and Venue

1. The matters herein complained of occurred on February 2, 2014, in the City of Peoria, Peoria County, and State of Illinois; jurisdiction is proper under 28 U.S.C. §1131 and venue is proper under 28 U.S.C. §1391(b).

**ANSWER: Defendant admits the allegations contained in paragraph 1.**

2. At all times relevant hereto the Defendant, ZACHARY A. JANSSEN, was acting in the course and scope of his employment as a police officer on duty for the City of Peoria, and was therefore acting under color of State law.

**ANSWER: Defendant admits the allegations contained in paragraph 2.**

### Count I – Damages Claim

3. On the aforesaid date, Plaintiff, AUSTIN J. BERTSCHY (hereinafter BERTSCHY) exited a tavern on the south sidewalk of the 600 block of Main Street.

**ANSWER: Defendant does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.**

4. That after exiting the tavern with a friend, Defendant JANSSEN overheard BERTSCHY state an expletive, or swear word, while BERTSCHY was walking nearby Defendant JANSSEN.

**ANSWER: Defendant admits to hearing the Plaintiff screaming and yelling of expletive words, but does have information sufficient to form belief as to the truth of the remaining allegations contained in paragraph 4.**

5. BERTSCHY and a friend subsequently crossed the intersection of Main and Perry for the purpose of returning to a vehicle parked a couple of blocks away in a parking lot.

**ANSWER: Defendant admits to seeing Plaintiff cross the intersection of Main Street and Perry Street, but Defendant does not have information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.**

6. As they were walking north towards Hamilton Avenue on the sidewalk of Perry Avenue, Defendant JANSSEN pulled his police cruiser alongside BERTSCHY and his friend and asked them to come over to his squad car.

**ANSWER: Defendant admits that he pulled his police patrol car alongside the Plaintiff, but denies the remaining allegations contained in paragraph 6.**

7. BERTSCHY asked Defendant JANSSEN, "what crime have I committed or do you think I committed?"

**ANSWER: Defendant denies the allegations contained in paragraph 7.**

8. Defendant JANSSEN did not describe or state any crime that he believed BERTSCHY had committed in response to BERTSCHY's question.

**ANSWER: Defendant denies the allegations in paragraph 8 because that question referenced in paragraph was never asked by the Plaintiff, but the Defendant did state at a later point in that early morning to the Plaintiff that he was yelling and shouting on the public way.**

9. Thereafter BERTSCHY asked Defendant JANSSEN if he was being detained, to which Defendant JANSSEN replied, "no."

**ANSWER: Defendant denies the allegations contained in paragraph 9.**

10. Defendant JANSSEN demanded that BERTSCHY provide him with his identification, to which BERTSCHY asked Defendant JANSSEN whether he was under arrest.

**ANSWER: Defendant admits that he requested an identification from the Plaintiff, but denies to the remaining allegations contained in paragraph 10.**

11. Defendant JANSSEN declined to answer BERTSCHY's question about whether JANSSEN was placing BERTSCHY under arrest.

**ANSWER: Defendant denies the allegations contained in paragraph 11.**

12. At that point, BERTSCHY advised Defendant JANSSEN that if he could not tell him whether or not he was under arrest or why he was asking for his identification, then he was going to leave.

**ANSWER: Defendant denies the allegations contained in paragraph 12.**

13. BERTSCHY then continued walking down the sidewalk, and at that time Defendant JANSSEN repositioned his police cruiser closer to where BERTSCHY and his friend were walking, and then exited his cruiser.

**ANSWER: Defendant admits that he pulled his police patrol vehicle closer to the Plaintiff as he continued walking down the sidewalk, but does not have not enough information to form a sufficient belief as to truth as to whether his friend was walking with or in close proximity to Bertschy at that moment.**

14. At that time, Defendant JANSSEN approached BERTSCHY from behind, knocked BERTSCHY to the ground by striking BERTSCHY's lower leg with a hard sweeping blow to his ankle, and then tackled BERTSCHY.

**ANSWER: Defendant denies the allegations contained in paragraph 14.**

15. This physical assault by Defendant JANSSEN upon BERTSCHY caused a severely comminuted tibia-fibula fracture.

**ANSWER: Defendant denies the allegations contained in paragraph 15.**

16. That after this physical assault of Defendant JANSSEN upon BERTSCHY, Defendant JANSSEN proceeded to place handcuffs on BERTSCHY; Defendant JANSSEN shouted at BERTSCHY to "give me your fucking I.D.," while he was on the sidewalk while cuffed.

**ANSWER: Defendant admits to handcuffing while Bertschy on the ground, but denies the remaining allegations contained in paragraph 16.**

17. That immediately thereafter Defendant JANSSEN instructed BERTSCHY to stand up and then asked BERTSCHY how his ankle felt and then advised him, "you're going to jail tonight."

**ANSWER: Defendant denies making that statement at that moment, but admits making a statement to that effect, but not in those exact words to the Plaintiff at a later time.**

18. At that time, in attempting to stand, BERTSCHY felt his injured leg twist and buckle because of being unable to bear weight on the leg.

**ANSWER: Defendant does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.**

19. BERTSCHY advised Defendant JANSSEN, "I can't walk. I can't put weight on it." in response to which Defendant JANSSEN told BERTSCHY that he was a "pussy" and called him other vulgar names.

**ANSWER: Defendant denies the allegations contained in paragraph 19.**

20. BERTSCHY requested medical care and then, Defendant JANSSEN advised BERTSCHY that he was "required to ask" BERTSCHY if he would like an ambulance.

**ANSWER: Defendant denies the allegations contained in paragraph 20.**

21. Defendant JANSSEN advised BERTSCHY at that time that BERTSCHY would be "wasting his time" in seeking medical care or in asking to go to the hospital.

**ANSWER: Defendant denies the allegations contained in paragraph 21.**

22. BERTSCHY insisted that an ambulance be called since he was unable to bear weight on his leg.

**ANSWER: Defendant admits that the Plaintiff stated that he needed to go to the hospital, but the Defendant again denies the allegations that Defendant initially refused to call the ambulance.**

23. As a result of BERTSCHY's request, another police officer arrived and an ambulance was called, and Plaintiff was taken to the emergency room, where the severely comminuted tibia-fibula fracture was diagnosed by x-ray and exam.

**ANSWER: Defendant denies the allegations that another police officer was called as the result of the Plaintiff's request and does not have information sufficient to form a belief to the truth of the remaining allegations contained in paragraph 23.**

24. That as a result of the aforesaid conduct and physical assault by Defendant JANSSEN, Plaintiff BERTSCHY sustained a violation of his civil rights as protected by §1983 of the Civil Rights Act of 1871 (42 U.S.C. §1983), and has sustained substantial damages including but not limited to medical and hospital expenses for multiple surgeries, physical therapy and other necessary medical care (past and future), pain and suffering (past and future), disability and disfigurement (past and future), emotional distress (past and future), and the impaired ability to enjoy his activities of daily living (past and future).

**ANSWER: Defendant denies the allegations contained in paragraph 24.**

25. That pursuant to 42 U.S.C. §1983, Plaintiff BERTSCHY is entitled to an award of both compensatory and punitive damages in his favor and against Defendant JANSSEN, as a direct and proximate result of the aforesaid conduct of Defendant JANSSEN.

**ANSWER: Defendant denies the allegations contained in paragraph 25.**

WHEREFORE, Plaintiff, AUSTIN J. BERTSCHY, prays the Court, pursuant to 42 U.S.C. §1983, for the entry of a Judgment in the amount of at least ONE MILLION DOLLARS ($1,000,000.00) for his compensatory damages, and prays for an appropriate

6

award of punitive damages against Defendant, ZACHARY A. JANSSEN, for his attorney's fees and litigation costs pursuant to 42 U.S.C. §1988, and for such other and further relief as is just and proper.

**ANSWER: Defendant denies the allegations and prayers for relief contained in this paragraph.**

WHEREFORE, Defendant, Zachary A. Janssen, respectfully prays that this Court enter an Order granting judgment in his favor and against the Plaintiff, that he have his costs and attorneys' fees, and for such relief as the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

Respectfully submitted,

Zachary A. Janssen, Defendant,

By s/ Sonni C. Williams
Sonni C. Williams, #6270829
Deputy Corporation Counsel
City of Peoria Legal Department
419 Fulton Street, #200
Peoria, IL 61602
Ph.     (309) 494-8590
Fax    (309) 494-8559
E-mail: swilliams@peoriagov.org

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| AUSTIN J. BERTSCHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-1036 |
| | ) | |
| ZACHARY A. JANSSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## **AFFIRMATIVE DEFENSES**

Defendant Zachary A. Janssen by his counsel, Deputy Corporation Counsel Sonni C. Williams, states as follows for his affirmative defenses:

### **First Affirmative Defense**

1. On February 2, 2014, Defendant Janssen had a reasonable suspicion to believe that the Plaintiff had or was about to commit a violation of a state or local law to make a *Terry* investigatory stop.

### **Second Affirmative Defense**

2. On February 2, 2016, Defendant Janssen had probable cause to arrest the Plaintiff and probable cause is an absolute bar to any claims of unlawful arrest and in this case, Plaintiff plead guilty to resisting arrest which is an arrestable offense in the State of Illinois, 720 ILCS 5/31-1, stemming from his arrest by Defendant Janssen.

### **Third Affirmative Defense**

3. Defendant did not violate Plaintiff's clearly established constitutional or statutory rights and is protected by qualified immunity.

### **Fourth Affirmative Defense**

4. With respect to any state law claims, Defendant as a peace officers in performance of his duties executing and enforcing the laws of the State of Illinois is entitled to immunity pursuant to § 2-202 of the Illinois Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*

WHEREFORE, Defendant, Zachary A. Janssen, respectfully prays that this Court enter an Order granting judgment in his favor and against the Plaintiff, that he have his costs and attorneys' fees, and for such relief as the Court deems just.

Respectfully submitted,

Zachary A. Janssen, Defendant,

<u>By s/ Sonni C. Williams</u>
Sonni C. Williams, #6270829
Deputy Corporation Counsel
City of Peoria Legal Department
419 Fulton Street, #200
Peoria, IL 61602
Ph.      (309) 494-8590
Fax     (309) 494-8559
E-mail: swilliams@peoriagov.org

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| AUSTIN J. BERTSCHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-1036 |
| | ) | |
| ZACHARY A. JANSSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Certificate of Service</u>**

    I hereby certify that on <u>April 21, 2016</u>, I electronically filed the foregoing instrument with the Clerk of Court using the CM/ECF, which will send notification to the following:

Phillip M. O'Donnell
KINGERY DURREE WAKEMAN & O'DONNELL, ASSOC.

                                      <u>By s/ Sonni C. Williams</u>
                                      Sonni C. Williams, #6270829
                                      Deputy Corporation Counsel
                                      City of Peoria Legal Department
                                      419 Fulton Street, #200
                                      Peoria, IL 61602
                                      Ph.    (309) 494-8590
                                      Fax    (309) 494-8559
                                      E-mail: <u>swilliams@peoriagov.org</u>